IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| 3W International, Inc., | Case No. 3:10CV820 |
| Plaintiff | |
| v. | ORDER |
| Scottdel, Inc., | |
| Defendant | |

This is a contract suit between plaintiff, 3W International, Inc. (3W) and defendant Scottdel, Inc. (Scottdel).

Pending is 3W's motion to remand to state court and for costs and attorney's fees. [Doc. 10].

For the reasons discussed below, the motion shall be granted, though not to the extent, with regard to the recovery of fees, sought by 3W.

**Background**

On March 19, 2010, 3W, a Florida corporation, filed this suit in the Fulton County, Ohio, Court of Common Pleas.

On April 20, 2010, Scottdel, an Ohio corporation, filed a Notice of Removal [Doc. 1] with the Common Pleas Court on the basis of diversity jurisdiction.

On May 20, 2010, 3W filed the pending motion to remand and for its fees and costs.

**Discussion**

## I. Improper Removal

Defendants may remove a case "to the district court of the United States for the district and division embracing the place where such action is pending" under 28 U.S.C. § 1441(a). Defendant may not remove, however, if it is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

Scottdel concedes that removal was improper and remand is necessary. [Doc. 14, at 2].

## II. Attorney's Fees

3W seeks reimbursement for the costs and attorney's fees incurred as a result of Scottdel's manifestly improper removal as provided by 28 U.S.C. § 1447(c). Scottdel argues that no such fees should be awarded because it acted in good faith.

Whether to award attorney's fees in cases of improper removal "should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). More specifically, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

Defendants removing in their own state lack an objectively reasonable basis for removal. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). Removal without an objectively reasonable basis for doing so entitles a plaintiff to an award of fees. *Id.*

I do not doubt that defendant acted in good faith – in that its attorney believed, in fact, that removal was proper. But acting in good faith is not the same as acting with an objectively reasonable basis for doing so. Plaintiff is therefore entitled to the fees reasonably incurred in responding to defendant's mis-step. The only question is what fees plaintiff reasonably incurred.

Fee-shifting statutes like § 1447(c) ensure that high costs of litigation do not bar plaintiffs with legitimate injuries from justice. There exists, however, no presumption that fees should be awarded under § 1447(c). *Martin*, *supra*, 546 U.S. at 137.

My decision whether to award fees must be "faithful to the purposes of awarding fees under § 1447(c)." *Id*. (internal quotations omitted). Congress, according to the Court, wrote this section to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id*. at 140.

I see no basis for concluding that Scottdel removed for any improper purpose. Its lawyer made a mistake, but he did not do so knowingly or intentionally.

The Sixth Circuit posits that the Court in *"Martin* makes clear that a district court's discretion to award or deny fees under § 1447(c) involves more than an on-off switch that is solely dependent on the objective reasonableness of the removal decision." *Warthman v. Genoa Township*, 549 F.3d 1055, 1060 (6th Cir. 2008).

Once made aware of its mistake *via* plaintiff's motion, Scottdel did not tarry – indeed, it fled the field as soon as the first salvo came in. There is no reason to believe that it would not have surrendered just as quickly and thoroughly if 3W had warned it that, unless it gave up, the shot would be coming – along with a demand for reparations.

I agree that some recompense is appropriate – namely, for what it would have cost a lawyer for 3W to call or email defendant's attorney and give that warning. That should have taken no more than fifteen minutes – if that. Indeed, that's a chore that most reasonably could have been handled by the most junior associate – and should be compensated, at most, accordingly.

3

Granting 3W full recompense would be both inequitable and unwise. Inequitable because 3W could have avoided the costs it incurred and now seeks to recover. Or, at the very least it could and should have tried to do so. Unwise because, unless I set an example in this case and under these circumstances, I would be giving a green light – plus a Pass-Go-and-Collect-$200 (and more) Card – to litigants and worse, their lawyers, to head to court without first seeing if the trip is truly necessary.

If lawyers know that courts will award them fees for unnecessary work, the incentive to do such work will be as irresistible as it would be understandable. That's an incentive I choose most emphatically not to give.

It is, accordingly

ORDERED THAT:

1. Plaintiff's motion to remand this case to state court [Doc. 10] be, and the same hereby is, granted; and

2. Plaintiff's motion for attorney's fees and costs be, and the same hereby is granted as provided herein, and otherwise denied; on being notified of the amount plaintiff's firm routinely bills for fifteen minutes' of its junior-most associate's time, defendant shall pay said amount forthwith.

So ordered.

s/James G. Carr
U.S. District Judge